## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE

Kevin Simpson,

          Plaintiff,

    -against-

Experian Information Solutions, Inc.;
Trans Union, LLC; and
Rocket Mortgage, LLC f/k/a Mr. Cooper;

       Defendant(s).

Case No.

**COMPLAINT AND DEMAND**

**FOR JURY TRIAL**

Plaintiff Kevin Simpson, by and through counsel, as for this Complaint against

Defendants Experian Information Solutions, Inc. ("Experian"); Trans Union, LLC ("Trans

Union") (Experian and Trans Union each a "Bureau" and collectively "Bureaus"); and Rocket

Mortgage, LLC f/k/a Mr. Cooper ("Rocket" or "Furnisher"), respectfully sets forth, complains,

and alleges, upon information and belief, the following:

1. Plaintiff brings this action for damages arising from each Defendant's violations of 15 U.S.C. § 1681 et seq., the Fair Credit Reporting Act ("FCRA").

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p et seq.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred here, the Plaintiff resides here, and the Defendants transact business here.

## PARTIES

4. Plaintiff is a resident of the State of Tennessee, County of Sumner.

5. At all times material hereto, Plaintiff was a "consumer" as defined under 15 U.S.C. § 1681a (c).

6. Defendant Experian Information Solutions, Inc., is a consumer reporting agency as defined by 15 U.S.C. § 1681a (f) and conducts substantial and regular business activities in this judicial district.

7. Experian is an Ohio corporation registered to do business in this State.

8. Experian may be served with process upon its registered agent at c/o C T Corporation System, 300 Montvue Rd, Knoxville, TN 37919.

9. Experian is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers to third parties for the purpose of furnishing consumer reports, as defined under 15 U.S.C. § 1681a (p).

10. At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

11. Defendant Trans Union, LLC, is a consumer reporting agency as defined by 15 U.S.C. § 1681a (f) and conducts substantial and regular business activities in this judicial district.

12. Defendant Trans Union is a Delaware corporation registered to do business in this State.

13. Trans Union may be served with process upon its registered agent at Corporation Service Company, 2908 Poston Ave, Nashville, TN 37203.

14. At all times material hereto, Trans Union is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information

concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681a(p) to third parties.

15.     At all times material hereto, Trans Union disbursed such consumer reports to third parties under a contract for monetary compensation.

16.     Defendant Rocket is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2.

17.     Rocket may be served with process c/o C T Corporation System, 300 Montvue Rd, Knoxville, TN 37919.

## FACTUAL ALLEGATIONS

18.     Plaintiff incorporates the above allegations as if set forth here.

### Background

19.     Some time prior to 2001, Plaintiff and his then-wife allegedly took out a loan subject to a mortgage for property located at 132 Hillside Drive, Hendersonville ("Original Mortgage" or "Original Loan").

20.     In or around 2010, Plaintiff and wife finalized their divorce.

21.     In or around 2019, Plaintiff's now ex-wife refinanced the Mortgage (the refinanced loan hereafter "Account", "Loan", or "Mortgage").

22.     The refinancing paid off the Original Mortgage.

23.     The refinanced Loan did not include Plaintiff as a borrower or as responsible for it in any way.

24.     The Service at the time of the refinancing was Ocwen.

25.     Ocwen confirmed to Plaintiff that he was not responsible in any way for the Original Loan or Mortgage.

26. At some time during the life of the Loan, Nationstar / Mr. Cooper took over servicing the Account.

27. Nationstar / Mr. Cooper was then acquired by Defendant Rocket.

28. However, despite Plaintiff not being responsible for the Account, his credit reports from each Bureau were showing with derogatory information for the Account.

29. Each Bureau was showing a balance of $102,191.

30. Each Bureau was showing Plaintiff as 90 days late in August 2025.

31. Each Bureau was showing Plaintiff as 60 days late in December 2025.

32. Each Bureau was showing Plaintiff as 30 days late in January 2026.

33. Plaintiff did not owe $102,191 for the Account.

34. Plaintiff was not 90 days late in August 2025.

35. Plaintiff was not 60 days late in December 2025.

36. Plaintiff was not 30 days late in January 2026.

37. The information furnished by Furnisher and published by each Bureau is and was inaccurate.

38. Each Bureau has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors, both known and unknown.

39. Plaintiff's credit reports were showing inaccurate information about the account.

40. This is false.

41. Plaintiff was not delinquent.

42. Plaintiff was released from obligation for this Mortgage.

43.     In or about sometime in 2025 Plaintiff disputed the Account with one or more of the nationwide Credit Reporting Agencies (Experian, Trans Union, and Equifax) (Collectively "CRA"s).

44.     Only Equifax removed the Account pursuant to Plaintiff's 2025 dispute(s).

45.     On or about January 9, 2026, Plaintiff disputed the Account information on his credit report ("Dispute").

46.     Plaintiff sent disputes to each Bureau disputing the Furnisher-reported debt as inaccurate.

47.     Plaintiff advised that he was released from the Mortgage.

48.     Plaintiff state that he was no longer a party to the Account.

49.     Plaintiff included supporting documentation.

50.     It is not possible for Plaintiff to be owe on the Account when he is not on the a responsible party for it.

51.     Upon receipt of the dispute of the Account by the Plaintiff, each Bureau failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed Account.

52.     Each Bureau is required to notify Furnisher of Plaintiff's dispute(s).

53.     It appears and is therefore averred that each Bureau notified Furnisher of Plaintiff's dispute(s).

54.     Upon receipt of the dispute of the Account by the Plaintiff from each Bureau, Furnisher failed to conduct a reasonable investigation and continued to report false and

inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed Account.

55. Had each Bureau conducted a reasonable investigation it would have been revealed that the Account is inaccurate.

56. Had Furnisher conducted a reasonable investigation it would have been revealed that the Account is inaccurate.

57. Despite the dispute by the Plaintiff that the information on his consumer report was inaccurate with respect to the disputed account, each Defendant did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

58. Despite being in possession of the Dispute(s) and documentation, each Bureau failed to request from Furnisher supporting documentation.

59. Despite being in possession of the Dispute(s) and documentation, each Bureau failed to request that Furnisher confirm whether the specific terms in the documentation Plaintiff provided was accurately portrayed.

60. Each Bureau violated 15 U.S.C. § 1681i by failing to conduct a reasonable investigation and delete the inaccurate information within 30 days of receiving Plaintiff's dispute letter.

61. Each Bureau violated 15 U.S.C. § 1681i (a)(2)(A) by failing to provide notice of the dispute to Furnisher or, in the alternative, if each Bureau did comply with Section 1681i (a)(2)(A) then it failed to comply with Section 1681i (a)(2)(B) by failing to provide Plaintiff all relevant information received from Furnisher.

62. Each Bureau violated 15 U.S.C. § 1681e (b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information on Plaintiff's credit report.

63. Furnisher violated 15 U.S.C. § 1681s-2 (b) by failing to fully and properly investigate the dispute of the Plaintiff, failing to review all relevant information regarding same, and failing to correctly report results of an accurate investigation to each Bureau.

64. Notwithstanding Plaintiff's efforts, each Defendant continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

65. Each Defendant knew the information was inaccurate.

66. Each Defendant was in possession of evidence showing its reporting of the Account was inaccurate.

67. Had each Bureau enacted and followed reasonable procedures to assure maximum possible accuracy of the information on Plaintiff's credit report, the negative account information would not have appeared on Plaintiff's credit report.

68. Furnisher continues to furnish credit data which is inaccurate and materially misleading, and each Bureau's reporting of the above-referenced trade line continues to be inaccurate and materially misleading.

Damages

69. As a result of each Defendant's failure to comply with the FCRA, Plaintiff was damaged.

70. Each Defendant's erroneous reporting continued to affect Plaintiff's reputation, creditworthiness, and credit score.

71. Plaintiff suffered damage to his reputation as it falsely appears as if he owes a large balance on the Account.

72. Plaintiff suffered damage to his reputation as it falsely appears as if he was delinquent on the Account.

73. This false information was published to numerous third parties.

74. This negative information reflected poorly upon Plaintiff and is incompatible with the proper exercise of Plaintiff's lawful financial affairs.

75. Plaintiff has, inter alia, suffered damage by loss of time and money in trying to rectify each Defendant's willful and negligent actions, loss of credit, loss of ability to purchase and benefit from credit, reputational harm, decreased credit score, a chilling effect on applications for credit, difficulty with sleep, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial and having others see the false credit information.

76. Plaintiff was also unable to partake in funding opportunities due to each Defendant's actions.

77. Plaintiff was emotionally distraught.

78. Plaintiff had trouble with sleep.

79. When applying for a credit card with American Express, he was denied due in whole or in part to each Defendant's actions described above, due to "…a delinquency [being] reported on your credit report."

80. Plaintiff was also only able to obtain an auto loan with higher rates due in whole or in part to each Defendant's actions described above.

**FIRST CAUSE OF ACTION**
**(Violations of the FCRA as to each Bureau)**

81.	Plaintiff incorporates the allegations above the First Cause of Action as if set forth here.

82.	This is an action for willful and/or negligent violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

83.	Each Bureau violated 15 U.S.C. § 1681e (b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that each Bureau maintained or furnished concerning the Plaintiff.

84.	Each Bureau violated 15 U.S.C. § 1681i (a) by failing to conduct a reasonable investigation and delete the disputed tradeline within 30 days of receiving Plaintiff's Dispute and by failing to maintain reasonable procedures with which to verify the disputed information in Plaintiff's credit file.

85.	Upon information and belief, each Bureau violated 15 U.S.C. § 1681i (a)(2)(A) by failing to provide notice of the Dispute to each Furnisher or, in the alternative, if each Bureau did comply with Section 1681i (a)(2)(A) then it failed to comply with Section 1681i (a)(2)(B) by failing to provide Plaintiff all relevant information received from Furnisher.

86.	Each Bureau has willfully and recklessly failed to comply with the Act.

87.	In the alternative, each Bureau has negligently failed to comply with the Act.

88.	The failure of each Bureau to comply with the Act includes but is not necessarily limited to the following:

a.	The failure to enact and follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b.     The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

c.     The failure to promptly and adequately investigate information which each Bureau had notice was inaccurate;

d.     The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff, which was demonstrated with documentation that the information was inaccurate;

e.     The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised each Bureau to delete;

f.     The failure to take adequate steps to verify information each Bureau had reason to believe was inaccurate before including it in the credit report of the consumer; and

g.     The failure to provide notice of a dispute to the furnisher or, alternatively, the failure to provide Plaintiff all relevant information received from the furnisher in response to a dispute.

89.     As a result of the conduct, action, and inaction of each Bureau, Plaintiff suffered damage as described above.

90.     The conduct, action and inaction of each Bureau was willful and/or negligent rendering each Bureau liable for actual, statutory and punitive damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. §§ 1681n-1681o.

91.     Plaintiff is entitled to recover reasonable costs and attorney's fees from each Bureau in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n-1681o.

92.     WHEREFORE, Plaintiff demands judgment for damages together with attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n-1681o.

## SECOND CAUSE OF ACTION
**(Violation of the FCRA as to Furnisher)**

93.     Plaintiff incorporates the allegations above the First Cause of Action as if set forth here.

94.     This is an action for will and/or negligent violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

95.     Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

96.     Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff.

97.     The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

98.     The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the furnisher must report the results to any other agencies which were supplied such information.

99.     Furnisher violated 15 U.S.C. § 1681s-2 (b) as described above, including, but not limited to, failing to fully and properly investigate the dispute of the Plaintiff, failing to review all relevant information regarding same, and failing to correctly report results of an accurate investigation to the credit reporting agencies.

100.    As a result of the conduct, action, and inaction of Furnisher, Plaintiff suffered damage as described above.

101. The conduct, action, and inaction of Furnisher was willful and/or negligent, rendering it liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. §§ 1681n-1681o.

102. Plaintiff is entitled to recover reasonable costs and attorney's fees from Furnisher in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n-1681o.

WHEREFORE, Plaintiff demands judgment for damages together with attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n-1681o.

## DEMAND FOR TRIAL BY JURY

103. Plaintiff demands a trial by jury for all claims and issues in this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o (a) be awarded for each negligent violation as alleged herein;

b) For statutory damages provided and pursuant to 15 U.S.C. § 1681n (a);

c) For punitive damages provided and pursuant to 15 U.S.C. § 1681n (a)(2);

d) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n (a)(3) and 15 U.S.C. § 1681o (a)(2);

e) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: May 26, 2026       **Stein Saks, PLLC**

            *s/ Eliyahu Babad*
            Eliyahu Babad, Esq.
            One University Plaza, Suite 620
            Hackensack, NJ 07601
            (201) 282-6500 x121
            EBabad@SteinSaksLegal.com

            *Pendinig Admission Pro Hac Vice*
            *Attorneys for Plaintiff*